# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**VIRGIL ROBERT GOASA, SR.,**                                        **PETITIONER**

**V.**                                             **NO. 4:03CR0011-GHD**

**UNITED STATES OF AMERICA,**                                        **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Virgil Goasa for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded to the petition. The petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner was indicted January 16, 2003, in a two count Indictment. He was charged with (1) intentionally manufacturing methamphetamine in violation of 21 U.S.C. § 841, and (2) stealing anhydrous ammonia with intent to manufacture methamphetamine in violation of 21 U.S.C. § 843. On March 5, 2004, a plea agreement with the government, signed by the petitioner and his counsel, was filed with the court. The agreement provided that the petitioner would plead guilty to count two that charged stealing anhydrous ammonia which, as the plea agreement warned, carried a maximum possible penalty of ten years imprisonment. The government agreed to dismiss Count One.

The plea agreement also included a waiver provision which expressly stated:

> 9. **WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS**. Defendant VIRGIL ROBERT GOASA, SR. hereby expressly waives his rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant VIRGIL ROBERT GOASA, SR. also hereby

> expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant VIRGIL ROBERT GOASA, SR. waives these rights in exchange for the concessions and agreements made by the United States in this plea agreement.

Pursuant to the plea agreement, the petitioner appeared with his counsel before the court on March 11, 2004, to tender a guilty plea to Count Two. The court advised and questioned the petitioner regarding the essentials of a valid guilty plea and the petitioner affirmed under oath that he understood his rights, the charges and range of possible punishment, and the effect of the guilty plea. During his change of plea hearing, the court questioned Goasa regarding his understanding of the plea agreement. The court found that Goasa's plea was knowing and voluntary and made the written agreement part of the record.

On June 22, 2004, the petitioner appeared with his counsel before the court for sentencing. There were no objections to the presentence report. The court found the petitioner had a total offense level of 25, which called for a sentencing range of 70 to 87 months imprisonment. The court sentenced the petitioner to 75 months imprisonment.

On March 29, 2005, the petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The petitioner seeks a reduction of his sentence.

**Discussion**

An informed voluntary waiver of post-conviction relief is a valid a bar to habeas relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Only claims of ineffective assistance of counsel directly affecting the validity of the waiver or the plea itself survive a knowing and voluntary waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The petitioner makes several claims regarding the validity of his plea, but he has not challenged the waiver of his right to seek an appeal or post-conviction collateral relief. The petitioner argues that his counsel was ineffective in failing to file a direct appeal. The petitioner's argument has no merit.

The petitioner argues that his counsel was ineffective for failure to file an appeal regarding the offense level and sentencing range. As discussed above, petitioner knowingly and voluntarily waived his right to appeal his sentence. Thus as a matter of logic, a criminal defense attorney "cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be denied.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 23rd day of August, 2007.

/s/ Glen H. Davidson
Senior Judge